FILED

December 16 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AF 07-0157

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. AF 07-0157

_____

IN THE MATTER OF THE MONTANA RULES

OF CIVIL PROCEDURE

O R D E R

_____

Several necessary clerical corrections have been brought to the Court's attention since the Court adopted new Montana Rules of Civil Procedure effective October 1, 2011. This Order addresses those. The Court also has received suggestions for modifications to the Rules of Civil Procedure based on matters of policy; those suggestions will be addressed in a subsequent order including a comment period.

Effective immediately, IT IS ORDERED that the Montana Rules of Civil Procedure are amended as indicated below:

The Committee Notes to M. R. Civ. P. 4(t) is corrected, as shown below, to reflect Rule 4(t)'s three-year time limit, rather than a one-year time limit:

> Rule 4(t) removes reference to issuance of summons in favor of a single deadline regarding service of process for simplicity. For process to be served in three years, summons must also have been issued within three years.

Several changes to M. R. Civ. P. 26 are necessary to eliminate references to "disclosure requirements," because of the Court's decision not to adopt disclosure requirements included in the corresponding federal rule. To that end, M. R. Civ. P. 26(e)(2) is amended to read:

> ***Expert witness.*** For an expert whose opinion is produced in response to an interrogatory served under Rule 26(b)(4), the party's duty to supplement extends both to information included in the response and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time of the preparation and submission of the pretrial order to the court.

1

Also, M. R. Civ. P. 26(g) is amended to read:

**(g) Signing Discovery Requests, Responses, and Objections.**
**(1)** *Signature Required; Effect of Signature.* Every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name – or by the party personally, if unrepresented – and must state the signer's address.  By signing, an attorney or party certifies that to the best of the person's knowledge, information , and belief formed after a reasonable inquiry, it is:
  (A)  consistent with these rules and warranted by existing law or by a good faith argument for extending, modifying, or reversing existing law;
  (B)  not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
  (C)  neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.
**(2)** *Failure to Sign.*  Other parties have no duty to act on an unsigned request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention.
**(3)** *Sanction for Improper Certification.*  If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.  The sanction may include an order to pay the reasonable expenses, including attorney fees, caused by the violation.

In addition, in the Committee Notes to M. R. Civ. P. 26, the second sentence of the second paragraph is stricken, so that the paragraph reads in its entirety as follows:

Rule 26 is adopted from Rule 26 of the Federal Rules of Civil Procedure with several important distinctions, particularly in the area of automatic preliminary pretrial disclosures and expert disclosures.

Finally, it has come to the Court's attention that some sources for the M. R. Civ. P. show incorrect subsection references in M. R. Civ. P. 45(a)(1)(A)(iv).  The subsection references in M. R. Civ. P. 45(a)(1)(A)(iv) are corrected to (d) and (e), rather than (c) and (d).

The Clerk is directed to provide copies of this order to Todd Everts and Kevin Hayes at the Montana Legislative Services Division; the Executive Director of the State Bar of Montana; and the State Law Librarian.

DATED this 16th day of December, 2014.

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE